IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANTHONY DeWAYNE PARKER,

    Plaintiff,

VS.                              No. 05-1360-T/An

JOHN D. FERGUSON, ET AL.,

    Defendants.

ORDER OF DISMISSAL
AND
ORDER ASSESSING $250 CIVIL FILING FEE

Plaintiff Anthony DeWayne Parker, Tennessee Department of Correction prisoner number 129434, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 21, 2005, along with a motion for leave to proceed *in forma pauperis*. Because plaintiff previously filed four lawsuits that were dismissed for failure to state a claim or as frivolous, he is not eligible to take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) and, instead, must pay the full $250 civil filing fee in advanced, pursuant to 28 U.S.C. § 1915(g). Accordingly, the Court issued an order on January 11, 2006 denying leave to proceed *in forma pauperis* and directing the plaintiff to remit the civil filing fee within thirty days. On January 27, 2006, plaintiff filed a motion seeking reconsideration of that order on the ground that he is unable to pay the entire filing fee at this time, and the Court

denied that order on January 31, 2006. That order stated, in part, that "[u]nless the civil filing fee is received by the Clerk on or before February 13, 2006, the case will be dismissed for failure to prosecute and the full civil filing fee will be assessed." (1/31/06 Order at 2.) Because plaintiff has failed to pay the civil filing fee by February 13, 2006, the Court hereby DISMISSES the complaint without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.[1]

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee). In addition, the Court IMPOSES an additional sanction in the amount of $250 due to the plaintiff's failure to comply with the sanctions order, the deliberate misrepresentation about his previous cases, and the filing of yet another case raising the same issues that had previously been decided adversely to the plaintiff.

---

[1] The Court is aware that plaintiff has attempted to appeal the order denying leave to proceed *in forma pauperis*. Prior to the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), denials of motions seeking leave to proceed *in forma pauperis* were appealable as final orders. Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (per curiam); Woods v. Dahlberg, 894 F.2d 187, 187 & n.1 (6th Cir. 1990) (per curiam) (characterizing the denial of *in forma pauperis* status as "the functional equivalent of an involuntary dismissal"). Pursuant to the PLRA, all prisoners are required to pay the full civil filing fee and, therefore, they have no ability to proceed *in forma pauperis*. The only issue to be considered is whether they are permitted to take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) or whether the must remit the full civil filing fee at the time the complaint is filed, either because they are not indigent or because 28 U.S.C. § 1915(g) is applicable. In this case, the full fee was assessed because the plaintiff is subject to 28 U.S.C. § 1915(g) and failed to submit the full civil filing fee with his complaint. Any delay in the dismissal of this action during the pendency of the plaintiff's appeal would, in effect, grant him an indefinite extension of time to pay the full civil filing fee, to which he is plainly not entitled.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall withdraw from the plaintiff's trust fund account the sum of $250 and forward that amount to the Clerk of this Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full.  The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.  All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN  38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify

the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.  If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the HCCF.  The Clerk is further ORDERED to forward a copy of this order to the warden of the HCCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk also is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE